## McNEILL AND FORNISS *vs.* EASLEY, ADM'R.

1.   When one makes a demand as agent of another, reasonable evidence of his authority may be required; but if the party fails to do this, and rests his refusal on the ground of right in himself, he cannot afterwards object to his want of knowledge of the agent's authority.

2.   If the owner take possession of a hired slave, when there has been no vi-

olation of the contract on the part of the hirer, he loses his right to hire; if he refuses to deliver the slave on demand, the fact that he afterwards sends him away alone, with directions to return to the hirer (which instructions the slave disobeys, and runs away), does not excuse the refusal.

ERROR to the Circuit Court of Marengo.

Tried before the Hon. GEORGE D. SHORTRIDGE.

ASSUMPSIT by Anselm B. Easley, as administrator of George W. Law, deceased, against the defendants in error, on a promissory note, which was proved to have been given for the hire of a slave. The defendants proved by Charles McNeill, who was a son of the defendant to whom the slave was hired, that the slave ran away from his father before the expiration of his term of hire, and witness, who lived in plaintiff's immediate neighborhood, was authorized by his father to bring home said slave if he could find him; that he found the slave at plaintiff's house, and demanded him of plaintiff, who refused to deliver him, saying that he had reason to believe that the slave had been treated with inhumanity, and that he must have an interview with witness' father, or his overseer, before he would surrender the slave. It was also proved that McNeill sent another son to plaintiff a few days afterwards, who told plaintiff that he came as agent of his father, and demanded the slave; that plaintiff said, he had told said slave to return to defendant, and that the slave had left his residence under such instructions. It was also proved that the slave, instead of returning to defendant as directed, ran away. Plaintiff then introduced a witness, who testified, that, on the day before Charles McNeill demanded the slave of plaintiff, witness had the slave in his possession, having captured him as a runaway; that he offered to return the slave to said Charles whilst at plaintiff's gate, and said Charles declined to take him; that witness then left the slave at plaintiff's house, he being absent from home at the time.

"The court charged the jury, among other things, that, if plaintiff was informed of the fact that Charles McNeill had declined to receive said slave, when an offer had been made to surrender him, before he was left at plaintiff's house, he might well doubt the agency of said Charles, and refuse to deliver the slave to him when called upon, if there was no other proof of the agency of said Charles than his own declaration to that effect.

" The court further charged the jury, that, if plaintiff ordered the slave to return to defendant's house, honestly believing that the slave would do so, and that the slave had left his premises accordingly before the second demand was made, that was a sufficient excuse for his not being able to deliver him when called upon the second time."

The defendants below excepted to both these charges, and they now assign the same for error.

WILLIAM M. BROOKS, for plaintiffs in error.
WILLIAM M. BYRD, contra.

GOLDTHWAITE, J.—When one makes a demand as agent of another, reasonable evidence of authority may be required ; but if the party fails to do this, and rests his refusal on the ground of right in himself, he cannot afterwards object to the want of knowledge on his part of the authority of the agent.—Spence v. Mitchell, 9 Ala. 744 ; Dowd v. Wadsworth, 2 Dev. Law 123, 135 ; West v. Tupper, 1 Bail. 193. The first charge was erroneous.

Neither can the second charge be sustained. There is an implied stipulation on the part of every bailee of a slave for hire, that he will treat him with humanity ; and if he fails to do so, it is a violation of the bailment on his part. It is equally certain, that if the bailor takes possession of the slave, when there has been no violation of the contract by the other party, he loses his right to hire, upon a familiar principle of the law of contracts.—Perry v. Hewlett, 5 P. 318. The bailee of the slave was entitled to his services for the term, and the bailor was no more entitled to retain him after demand made, than to have taken him into possession before the term of the hire had terminated. Had he returned the slave, and the bailee received him back, the latter would be held to have waived the former breach. This, however, was not done :—a second demand is made ; and the bailor sets up as a legitimate excuse for failing to comply with this demand, the fact that he had sent the slave off by himself, with directions to return to the person he had but a few days before ran away from. This was an act, which, under the circumstances, instead of effecting the restoration of the slave to the party entitled to his services, would probably,

as it did in fact, prevent that result. The charge upon this point was erroneous.

The judgment is reversed, and the cause remanded.