## HARRIS *vs*. MAURY.

[ACTION ON NOTE GIVEN FOR HIRE OF SLAVE.]

1. *Entire contract of hiring.*—Where two slaves are hired, for a specified term, at a gross sum, the contract is entire, and its entire fulfillment is a condition precedent to its enforcement.

2. *Hirer's right to sub-hire.*—The hirer of a slave has an implied right, in the absence of an express stipulation to the contrary, to sub-hire the slave to another for any portion of the term.

3. *Breach of contract by hirer.*—If the owner retakes the possession of his hired slave during the term, without legal cause, and refuses to surrender him on the demand of the hirer or sub-hirer, he is guilty of a breach of contract, and cannot recover any portion of the hire; nor can he excuse such breach of contract, as against the hirer, on the ground that his unlawful act amounted to a tort as against the sub-hirer.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by the appellant, and was founded on a promissory note for $175, which was given for the hire of two slaves, named Gabe and Mary, for the year 1852.   On the trial, as the bill of exceptions states, after the plaintiff had read in evidence the note declared on, "the defendants read in evidence a written admission of facts, as follows: It is admitted that Maury, who hired the negroes mentioned in said note, re-hired said negroes, by the consent of the plaintiff, for the balance of the year of his hiring, to one Robert J. Allison, and looked to him alone for the hire; that the negro Gabe afterwards ran away from Allison, and went into the possession of the plaintiff, who refused to let him go back again, though demanded by both Allison and Maury; that there were no restrictions or objections made to Allison's hiring the girl Mary, or either of the negroes, to Bell; that after Bell hired Mary, plaintiff knew that she was at Bell's, and had been hired to him, and made no objection, though he saw Bell several times, and conversed with him about the girl; that plaintiff, before hiring the negroes

to Maury, had offered to hire them to Bell; and that the negroes were treated well by Allison and Bell. This was all the evidence in the cause; and thereupon the court charged the jury, that if they believed the evidence, they must find for the defendant. The plaintiff excepted to this charge," and he now assigns it as error.

TURNER REAVIS, for the appellant.

A. A. COLEMAN, *contra*.

RICE, C. J.—The contract of hiring between the plaintiff and the defendant Maury is entire; and it is beyond all doubt, that if Maury had not re-hired the slaves, and the plaintiff had deprived him of one of them for part of the term, without any violation of the contract on the part of Maury, the plaintiff would thereby have lost his right to recover any thing for the hire of the slaves.— Perry v. Hewlett, 5 Porter's Rep. 318; Wier v. Buford, 8 Ala. 134; Nesbitt v. Drew, 17 Ala. 379; McNeill v. Easley, 24 Ala. 455; Camp v. Dill, 27 Ala. 553; Story on Bailments, §§ 383, 385, 386, 395; Caldwell v. Dickson, 17 Mo. R. 575.

Why is it that, in such case, the plaintiff could not recover any thing? Because, by thus depriving Maury of one of the slaves, he would be guilty of a breach of his contract; and being guilty of a breach of such a contract, *he* cannot enforce it in a court of justice against the other party, who has not violated it. His breach of the contract works the forfeiture of his right to the whole of the hire; and this forfeiture of his right cannot be avoided, by proof on his part that no actual injury resulted from his breach to the other party to the contract. If the forfeiture of the whole of the hire could be avoided, by proof that no actual injury resulted from his breach of the contract, surely the forfeiture of half of it ought to be avoided, by proof that the actual injury occasioned by his breach amounted to only half of the hire! But there is no rule of law, which measures the effect of his breach of *such a contract*, by the *quantum* of actual injury occasioned by it. His breach of the contract, occurring during the last hour

of the term, and causing no actual injury to the hirer, would as effectually destroy his right to recover the whole hire, as if it had occurred during the first hour of the term, and had caused great injury to the hirer.

In the case above supposed, the breach of the contract on the part of the plaintiff would have consisted in his violation of one of the obligations upon him, implied by law from his contract, to-wit, the obligation to do no act which would deprive the hirer (Maury) of either of the slaves, during the time of the bailment.—Story on Bailments, §§ 383, 385, 386, and other authorities cited above.

But the plaintiff says, that notwithstanding his right to recover any thing for the hire of the slaves would have been lost, if he had deprived *Maury* of the possession of either of the slaves during the term; yet, his depriving *Maury's bailee* of one of the slaves, during the term, cannot destroy or impair his right to recover the hire from Maury. This assertion of the plaintiff cannot be correct, if Maury had the right to re-hire, and there has been no violation of the contract on the part of Maury or his bailee, or the bailee of his bailee ; and if the act of the plaintiff, in depriving Maury's bailee of one of the slaves, during the term, amounts to *a breach on the part of the plaintiff of his contract with Maury.*

It is clear from the evidence, that there has been no violation of the contract on the part of Maury or his bailee, or the bailee of his bailee, unless the re-hiring by Maury or by Allison amounts to such violation. As the contract was general in its terms, and without restriction as to the employment of the slaves, it is certain that each re-hiring was but the exercise of a plain right, and could not, therefore, amount to a violation of the contract.—Ala. & Tenn. R. R. Co. v. Burke, 27 Ala. 535.

But, although the right to re-hire was clear, yet Maury continued responsible to the plaintiff for the proper treatment of the slaves, for their not being employed otherwise than authorized by the scope of *his contract with the plaintiff,* and for the negligence of himself and of the several persons into whose possession the slaves passed by the re-hirings.—Ala. & Tenn. R. R. Co. v. Burke, *supra.* The

44

responsibilities of Maury, under his contract with the plaintiff, were not terminated by the re-hirings; and it would be singular indeed, if those re-hirings, which were lawful and rightful, should destroy *the obligations upon the plaintiff*, implied by law from his contract with Maury, and yet should leave Maury's *responsibilities* to the plaintiff, under that contract, undiminished and of full force! The law tolerates no such absurdity. That contract remained of force, *both as to the plaintiff and as to Maury*, after the re-hirings. And among the obligations upon the plaintiff, implied by law from that contract, and left unaffected by the re-hirings, was, that he would do no act which would deprive either Maury or any other person holding under him, by a re-hiring authorized by the contract, of either of the slaves, during the term.—Story on Bailments, § 395. This implied obligation was as much a part of that contract, as if it had been expressed in terms as part of it. When the plaintiff deprived Allison (the bailee of Maury) of one of the slaves, during the term, without any legal cause or reason therefor, he violated that implied obligation, and thereby became guilty of *a breach of his contract with Maury*.—Story on Bailments, § 395. Conceding that, in depriving Allison of one of the slaves, the plaintiff was guilty of a *tort* as to Allison; yet it is evident that, in so depriving Allison of the slave, he was guilty of *a breach of his contract with Maury*. And surely the plaintiff cannot be permitted by a court of justice to escape from or avoid the effect of *the breach of his contract with Maury*, by showing that, in committing that breach, he also committed a *tort* as to Allison. It is not legally impossible for a man, by one unlawful act, to invest two other distinct individuals with distinct rights as against him.—Caldwell v. Dixon, 17 Mo. R. 575.

Having arrived at the conclusion, that the plaintiff, in depriving Allison of one of the slaves, during the term, was guilty of a breach of his contract with Maury, the views expressed in the foregoing part of this opinion impel us to declare, that such breach deprives him of the right to recover in this action. There is no error in the charge of the court below, and its judgment is affirmed.