# Shahan *v.* Alabama Great Southern Railroad Co.

## *Action for Damages Caused by Overflow of Water.*

1. *Prescriptive right; adverse user; when accrues.*—An adverse claim of right and its uninterrupted use without objection for ten years raises the presumption of rightful acquisition and bars redress for its exercise, but there must be an adverse user before the right begins to accrue.

2. *Same; same; damages from overflow; sufficiency of plea.*—In an action to recover damages for the overflow of water from the construction of embankments and culverts, a plea setting up an adverse user by prescription is defective unless it shows that results similar to the one complained of had accrued and been acquiesced in at intervals for a period of ten years.

3. *Same; same; case at bar.*—In an action against a railroad company to recover damages for injury to plaintiff's premises, resulting from the overflow of water from rainfall, which was alleged to have been caused by defendant's embankments and culverts which obstructed the natural flow, a plea which merely avers that the defendant constructed its embankments and culverts more than ten years prior to the injury and has maintained them in a similar condition ever since, is insufficient as setting up the defense of adverse user. The plea should have averred that by reason of the embankments and culverts the water had overflowed to the same extent at intervals during the ten years without complaint from the plaintiff.

4. *Pleading and practice; general demurrer.*—A demurrer to pleas upon the ground that the matters and things set up in each of said pleas are not material to the cause of action, is a mere general demurrer, and is, therefore, under the statute (Code of 1886, § 2690), properly overruled.

5. *Same; trial of court without jury; appeal.*—When a cause is tried by a court without the intervention of a jury upon a plea of the general issue, and without any reference to special pleas filed in the case, on appeal, the judgment, if authorized by the facts under the plea of the general issue, must be referred to such plea, and will be affirmed, notwithstanding there may have been error in overruling the demurrer to some of the special pleas.

6. *Liability of railroad company for overflow on land.*—A railroad company is liable for damages to adjoining property resulting from an overflow of water from rainfall, when it is shown that such overflow was caused by the failure of the railroad company to maintain and keep open sufficient culverts in an embankment it had built on its right of way.

7. *Same; approximate cause.*—In an action against a railroad company to recover damages for overflow of water, if the evidence shows that the defendant's negligence contributed proximately to the injury, it is liable, although other parties and other causes may have also contributed to the result.

8. *Same; when overflow caused by track constructed at the request of complaining party, there is no liability.*—In such a case, if it is shown that there would have been no overflow upon the plaintiff's premises, but for the construction of a spur track by the defendant for the convenience of the plaintiff and at his request, there can be no recovery; and evidence that the spur track, which may have contributed to the injury was built at the plaintiff's request, is admissible in evidence.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellant, W. P. Shahan, against the appellee, the Alabama Great Southern Railroad Company, to recover damages sustained by reason of an overflow of water in a storehouse where the plaintiff was doing business.

The complaint contained two counts, which, as set out in the abstract, were as follows: "The first count, in brief, claims damages for that plaintiff owned a storehouse and lot on third street, near Second Avenue in the city of Attalla, in which storehouse he was, on the 15th day of February, 1893, engaged in carrying on a mercantile business; that near said storehouse was defendant's railroad track, its roadbed being a solid earth embankment or dam about nine hundred feet long, under which defendant constructed two culverts or openings for the outlet of water during rainfall; that the drain or incline above said road-bed was sufficient to carry off the water during rainfall, and but for the negligence of the defendant in constructing the said embankments and culverts, the water would have flowed off without injury to the defendant; that defendant negligently failed to place along its road-bed culverts or openings sufficient for the escape and passage of water during rainfall, although it had notice of such defects before the injury complained of; and that by reason of the defendant's failure to con-

[Shahan v. Alabama Great Southern Railroad Co.]

struct and maintain sufficient openings for the passage of water through said road-bed, on the 15th of February, 1893, during the rain that fell that day, the water was backed by said railroad embankment until it overflowed the floor of plaintiff's storehouse, wetting, injuring and destroying his goods, and injuring others by reason of making them damp and unsalable; that the store building itself was injured, and plaintiff was compelled to move out and vacate his said house, and that he thereby lost the occupation of the same, for which the plaintiff claimed $5,000 damages."

"The second count claimed a like sum and was substantially the same as the first except that the injury was alleged to have resulted from the defendant negligently allowing the said culverts to become obstructed or filled up with earth, gravel, stone, &c., whereby the water overflowed the plaintiff's storehouse. The second count further charged that the defendant had constructed a ditch or drain above and parallel to its said road-bed, across which drain or ditch and road-bed the defendant had built a plank and dirt crossing, and at said crossing the defendant negligently and unlawfully allowed the drain or ditch to become choked and filled up with trash, etc., and to remain so chocked that the water could not pass but was dammed up, and by reason of said negligence in allowing the said drain to become choked or filled up, and by reason of the rain that occurred on the 15th of February, 1893, the water was backed from said railroad embankment into the plaintiff's storehouse, damaging him as alleged in the first count."

The defendant pleaded the general issue, the statute of limitations of one year, and the following special pleas: "4. And for further plea in this behalf, the defendant says that the culverts, ditches and embankments complained of had been maintained by defendant for ten years before the happening of the injuries complained of, and there has been for said period of ten years in time of rainfall a throwing back of said water as complained of in plaintiff's complaint.

"5. The said embankment, ditches and culverts were constructed more than ten years prior to that time had been maintained by defendant in substantially the same condition in regard to obstruction of said water during the said period of ten years.

"6. That the injuries complained of resulted from maintenance of an embankment and culvert which defendant had maintained for more than ten years in substantially the same condition as at the time of the happening of the injury complained of, and that defendant had a prescriptive right to so maintain said culvert and embankment." The seventh plea was withdrawn.

The eighth plea, after amendment, was as follows: "That the grounds on which plaintiff erected his said storehouse were subject to overflow at time of rainfall, and at moderate expense and with reasonable effort the plaintiff could have protected his said building and property from the alleged injury and damage, and neglected to do so, and said damages and injury resulted proximately from plaintiff's contributory negligence in failing to so protect his said building and property."

"9. That the ground on which plaintiff's said storehouse was erected was, at the time of its erection, subject to overflow in time of rainfall, and that plaintiff was informed that said ground was thus subject to overflow, but negligently failed to exercise reasonable and ordinary care and prudence in the erection of said storehouse above the point which the waters had previously reached in the time of ordinary high water, and in placing and leaving valuable merchandise within reach of the water at such time; and that the injury complained of was the proximate result of the said contributory negligence of the plaintiff.

"10. That the injuries complained of are the proximate result of the contributory negligence of plaintiff in building said storehouse upon a piece of land liable to overflow; in putting the floor of said storehouse so low as to be below the point which the waters reached in time of ordinary rainfall; in failing to use such reasonable and ordinary means as men of reasonable and ordinary prudence should have used to prevent the happening of the injuries complained of, and in leaving and exposing said property to the known peril of overflow."

To the foregoing pleas the plaintiff filed the following demurrers: "To plea number four. Because it is not averred in said plea that said culverts had been maintained in the same condition as they were at the time complained of, and that the said water was thrown back to the same extent during the said ten years."

[Shahan v. Alabama Great Southern Railroad Co.]

To the fifth and sixth pleas, because it is not averred in said pleas that said ditches and culverts were in the same condition at the time of the injury complained of in which they had been maintained for ten years prior to that time, and does not deny but that defendant had ceased such maintenance before the injury complained of occurred. Also, to the pleas numbered four, nine and ten, separately, as follows : 1. Each of said pleas fail to state facts material and relevant to the issue. 2. Each of said pleas fail to state facts which constitute an answer to the plaintiff's complaint. 3. Each of said pleas fail to state with sufficient certainty facts upon which issue can be joined. 4. Each of said pleas undertakes to set up in defense of plaintiff's complaint statements of facts which are immaterial to the issue presented by the complaint. 5. Each of said pleas fails to show a defense to said complaint, either by a denial of the allegations of the averments of the complaint, or by way of confession and avoidance.

Plaintiff also demurred to pleas nine and ten filed by defendant assigning to each of said pleas separately the following ground: 1. It does not appear from the complaint that this suit is an action for personal injuries, and the matters and things set out in each of said pleas are not material to the cause of action for recovery of damages done to property. The demurrers were each overruled. Issue was joined on these pleas. The facts of the case are sufficiently stated in the opinion.

On the cross-examination of the plaintiff's witness, Ben Stowers, he was asked by the defendant : "Whether the spur track was not put in by the defendant at plaintiff's request?" The spur track here referred to passed by the plaintiff's storehouse. To this question the plaintiff objected, on the ground that the testimony sought by it was immaterial, incompetent and irrelevant. The court overruled the objection, and the plaintiff duly excepted. The witness answered, that the spur track was put in by defendant at plaintiff's request, so as to reach his warehouse.

The cause was tried by the court without the intervention of a jury ; and upon the hearing of all the evidence, the court rendered judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the

court upon the pleadings and evidence, and the rendition of judgment for the defendant.

S. W. JOHNSTON and CALDWELL, JOHNSTON & ACKER, for appellant.—There was shown no right of adverse user, and the demurrer to the plea setting up such defense should have been sustained.—*Polly v. McCall*, 37 Ala. 20 ; *Wright v. Moore*, 38 Ala. 593 ; *Tenn. C., I. & R. R. Co. v. Hamilton*, 100 Ala. 252.

"If a railroad company construct its railway without leaving sufficient openings for the passage of flood water whereby the waters are forced back upon the plaintiff's land, defendant is liable in damages to plaintiff." *Brown v. C. & S. R. R. Co.*, 2 Kern. (N. Y.) 486. "If injury is sustained by want of due care and caution on the part of the defendant in keeping the culvert in repair, defendant is liable and this is true also of a city as to its owners."—*Rochester White Lead Co. v. Rochester*, 3 N. Y. 463 ; *Barton v. Syracuse*, 36 N. Y. 54 ; *Noonan v. Albany*, 79 N. Y. 470 ; 2 S. & R. on Neg. p. 623. And the same is true whether it be a natural course of water or only surface.—*Crabtree v. Baker*, 75 Ala. 93-4 ; *Eufaula v. Simmons*, 86 Ala. 515. "If an overflow once occur, the railroad company must prevent its recurrence, because it is its duty to keep its culverts clear and open." 24 Am. & Eng. Encyc. of Law, 953, note 1 to 7 ; *Rowe v. Bridge Corp.*, 21 Pick. 344.

After defendant was notified of the effect of the filling of its culvert, it was its duty under the testimony in this case to have prevented a recurrence of the overflow. *L. & N. R. R. Co. v. Hurt*, 101 Ala. 34 ; 1 S. & R. on Neg. p. 126, n. 1 ; pp. 128, 142, 153, 160, 163, 164. The failure to keep the culvert in repair is negligence by defendant.—2 S. & R. on Neg. p. 623, n. 1 ; *Sullens v. Chicago, &c., R. Co.*, 7 Am. St. Rep. 501 and notes ; *Union Trust Co. v. Cuppy*, 11 Am. & Eng. R. R. Cases, 562.

The question of contributory negligence on the part of the plaintiff can not arise in this case, unless it appears that there was some failure on his part to perform a duty which he owed to the defendant.—1 Shearman & Redfield on Negligence, pp. 140, § 92, note, 150, § 95, note ; *Cook v. Transportation Co.*, 1 Denio 99 ; *Farmer v. McCraw*, 26 Ala. 189 ; *Foster v. Holly*, 38 Ala. 76 ; *Grant v. Moseley*, 29 Ala. 302.

[Shahan v. Alabama Great Southern Railroad Co.]

Amos E. Goodhue, *contra.*—The demurrers to the pleas were properly overruled. It is a well settled principle that though the ·pleading may be subject to demurrer, if it be not subject to the objections particularly assigned, the demurrer is properly overruled.—*Cook v. Rome Brick Co.*, 98 Ala. 413 ; *Evitt v. Lowery Banking Co.*, 96 Ala. 381 ; *Morris v. Beall*, 85 Ala. 598 ; *Daniels v. Hamilton*, 52 Ala. 105 ; *Eads v. Murphy*, 52 Ala. 520.

The demurrers to the 9th and 10th pleas were general demurrers and were properly overruled under the statute.—Code of 1886, § 2690. There was no error in the court's permitting the witness to answer the question as to whether or not the spur track was put in by the defendant at the plaintiff's request. If the injury complained of was the proximate result of this spur track, the plaintiff could not recover.—*Mayor, &c., v. Coleman*, 58 Ala. 572.

In considering judgments rendered by the court upon facts, without the intervention of a jury, this court will not disturb the findings of the court below, in any case where the verdict of a jury to the same effect, would be allowed to stand.—*Ramey v. Peeples Grocery Co.*, 108 Ala. 476 ; *Woodrow v. Hawving*, 105 Ala. 240.

The first count charges the negligent construction of railroad embankment and two culverts. It is sufficient to say of this count, that there is no evidence whatever to support it. In the first place, all the evidence shows that the embankment and culverts were constructed more than twenty years before the happening of the injuries complained of.—*Nininger v. Norwood*, 72 Ala. 284. There is not the slightest evidence that the culvert was originally insufficient to carry off all the water that ought to pass through it.

An examination of the second count will likewise show that appellant wholly failed to support its averments by the evidence. A fundamental rule in the trial of all cases is : That the *allegata* and *probata* must correspond. In case of *K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 240, it is settled that when complaint in same count avers injury resulting from concurring causes, all the causes alleged must be proven to exist. In this case the court says : "It required a combination of the dis-

tinct negligence of each to produce the result complained of. And there being no evidence of one of the co-factors in the necessary combination of negligence, and hence necessarily no proof of the combination which alone is laid in these counts as the efficient cause of the casualty, the case presented by them is not made out." An analysis of the second count will show that it avers:  (1.) That defendant negligently failed to construct two openings of sufficient size to carry off the water.  (2.) That defendant negligently allowed said openings so constructed to become choked and filled up with stone, earth and gravel.  (3.) That in order to carry off a part of the water, during rainfall, defendant opened and maintained a drain or ditch along and parallel to said railroad embankment, across which drain or ditch and the railroad, a plank and dirt crossing was built by the defendant, and at said crossing defendant negligently allowed the said drain or ditch to become choked and filled up with trash, earth and stone, and so remained in said choked condition that the water would not pass, but was during rainfall dammed up.  (4.) That the water was backed from said railroad embankment, crossing and drains until it overflowed the floor of plaintiff's house and lot.  It will be observed that the averment is that by reason of said defects as aforesaid; caused by the negligence and unlawful conduct of defendants, the water was backed, &c.  Thus it will be seen that the complaint ascribes the overflow to several distinct, independent, but concurring causes, and alleges that each of these causes is founded upon the negligence of defendant.  It is manifest that before appellant can recover he must prove the existence of each of these concurring causes.—*Birmingham R. & E. Co. v. Baylor,* 101 Ala. 488;  *L. & N. R. R. Co. v. Mothershed,* 97 Ala. 267;  *Smith v. Causey,* 28 Ala. 655.  Under the facts of the case, the plaintiff is not shown to have been entitled to a recovery.—*Felt v. V. S. & P. R. Co.,* 15 So. Rep. 177;  *Austin R. R. Co. v. Anderson,* 9 S. W. Rep. 1025.

COLEMAN, J.—The plaintiff, Shahan, instituted this action to recover damages sustained in consequence of an overflow of water into his store-house in Attalla, in which he was engaged in merchandising.  The overflow was caused by rainfall the 15th of February, 1893.

The cause of action contained in the abstract is not very clearly stated, but as we construe the first count, though it charges negligence of the defendant in constructing its embankments and culverts, &c., the gist of the complaint is the averred negligence of the defendant "in failing to construct and maintain sufficient openings for the passage of water which fell on that day." We are not certain whether the second count avers two separate and independent causes of action, or that the two causes stated combined and co-operated to cause the damage. We are inclined to the latter view. These features of the complaint were not objected to by defendant, and as both counts present a sufficient cause of action, we will review the questions without further consideration of the form of the complaint.

The defendant pleaded the general issue and special pleas four, five, six, eight, nine and ten. The plaintiff demurred to the special pleas, and the ruling of the court overruling the demurrer is assigned as error. The fourth, fifth and sixth pleas were intended to set up a prescriptive right, in bar of the action, acquired by adverse user of ten years. A right by adverse user does not begin to accrue, until there is an adverse user. The adverse claim of a right and its exercise uninterruptedly and without objection, for a period of ten years raises the presumption that the right was rightfully acquired, and bars redress for its rightful exercise. A plea, therefore, which merely avers that defendant constructed its embankments and culverts more than ten years prior to the injury, and has maintained them in the same condition ever since, without more is not an answer to a complaint claiming damages for an injury resulting from an overflow of water from rainfall caused by the embankments and defective culverts, which obstructed its natural flow. The plea should go farther and show that like effects resulted by reason of the embankments and culverts, to-wit, the overflow of water to the same extent had occurred at intervals during the ten years, of which the plaintiff made no complaint, but acquiesced therein. The fourth plea avers "a throwing back of the water *as complained of in plaintiff's complaint.*" Although not clear, it may be that this plea is sufficient. The fifth and sixth pleas are faulty, and the demurrer should have been

[Shahan v. Alabama Great Southern Railroad Co.]

sustained.—*Savannah, Americus & Montgomery Railway v. Buford*, 106 Ala. 303; *Nininger v. Norwood*, 72 Ala. 277.

The demurrer to the ninth and tenth pleas was general. We would not be understood as holding that these pleas presented a valid answer to the complaint, but our rulings are, that the statute requires that the demurrer shall distinctly state or specify in what the objection or defect consists.—Code of 1886, § 2690, and authorities.

Issue being joined upon the pleas, the case was tried by the court without a jury. The appellee contends, that this being true, the judgment of the court for the defendant being general must be affirmed, if the plea of the general issue or any good plea upon which issue was properly joined was sustained by the evidence.

It is evident from the proceedings of the trial and from the opinion of the trial judge which is before us, that the case was tried upon its merits under the plea of the general issue, and without any reference to the special pleas of the defendant. Under these circumstances, if the judgment was authorized by the facts under the plea of the general issue, the judgment must be referred to this plea, and be affirmed, notwithstanding the error in overruling the demurrer to the fifth and sixth pleas.— *Morton v. Bradley*, 30 Ala. 681; *Raney v. Raney*, 80 Ala. 157; *Foster v. Johnson*, 70 Ala. 249. We will examine the evidence as it is shown in the abstract. Plaintiff's store-house was on lot five, north from defendant's embankment, fronting towards 3d street and between second and third avenue. The rear end of the store abutted on defendant's right of way, some fifty feet from the embankment, and was located about four hundred feet south from defendant's culvert. Precision as to distances is not material. The embankment was constructed not later than 1873, and the culvert not later than 1881. The natural flow of the water was from north-west towards defendant's culvert, and the weight of the evidence shows that if undisturbed, it would pass through the culvert and southward, north of plaintiff's store and without overflowing it. That plaintiff's store was in part submerged with rain-water and his goods damaged on the night of 15th February, 1893, is not controverted. The evidence shows that the opening of defendant's culvert was four feet by four feet; furnishing a carrying capacity of sixteen square feet. The evidence also

[Shahan v. Alabama Great Southern Railroad Co.]

shows that on the night of the rainfall the culvert was filled with sand and gravel and debris to a depth of about two and a half feet, leaving only one and a half feet at the top for the escape of water. Evidently the water would accumulate at the mouth or entrance of the culvert to a depth of two and a half feet before any of it could pass through the culvert. Although no witness seems to have been directly interrogated as to the relative grades of the floor of the store to that of the bottom of the culvert, the testimony of two civil engineers and of Dr. Dozier shows with reasonable satisfaction that the floor of the store was from two and a half to three feet lower than the opening of the culvert when filled with sand and debris as it was at the time, and all the evidence shows that the water ran from the culvert on the north side along the embankment, opposite and beyond the store, covering the space between the store and the embankment. The evidence also shows that defendant had constructed a ditch along the embankment between it and the store, and that the flow of the water along this ditch after it failed to pass through the culvert was obstructed to some extent by a bridge over this ditch and a spur track, and caused the water to flow back towards the store of the plaintiff. There is no evidence to show that defendant was under any duty to construct or maintain this ditch, other than such as arose from defendant's general duty not to obstruct the natural flow of the water to the detriment of the upper easements. There is evidence also for the defendant, which showed that on account of the excessive rainfall, the water overflowed a city bridge over a ditch or drain on third street, and ran down third street to third avenue, into a pond opposite plaintiff's store, and from thence ran across to plaintiff's store. We have examined the evidence very carefully on this point, and we are not satisfied that the overflow of plaintiff's store can be attributed to this cause. The evidence shows that plaintiff's store was between the pond and embankment, and the water that ran from the culvert down along the embankment could not escape, and that it covered the entire space between the embankment and the pond. Our conclusion furthermore is, that if the water had not been obstructed at the culvert, it is probable that there would have been but little, if any overflow at the bridge on third street. The evidence

tends to this conclusion, and it is uncontroverted that the consequent rain in April, after the culvert had been cleaned out, exceeded in quantity that of February, and that there was no overflow at that time from the bridge on third street. A fair consideration of all the evidence leads to the conclusion, that the overflow of plaintiff's store was caused by obstructions which prevented the escape of the water through and beyond the culvert under defendant's embankment.

This brings us to the consideration of defendant's other ground of defense. The evidence shows that about four hundred feet from defendant's embankment on the south side, there are two other railroad embankments, the first that of the Tennessee & Coosa Railroad, and the second that of the Anniston & Cincinnati Railroad, that the culverts under these embankments are much higher than the culvert of defendant, and are too small and insufficient to furnish outlet for the water and sand, which pass through the culvert of defendant, and in consequence the land between the defendant's embankment and these two embankments, over which defendant has no control, has been filled and raised, until it is two feet higher than the bottom of defendant's culvert. The effect of this, it is contended, is to cause the water and sand to accumulate and fill up the drain between the culvert of defendant and the culverts under the other embankments, so that it became impossible in this condition to keep the defendant's culvert at all times open. The Tenn. & Coosa Railroad embankment and that of defendant come together, according to the map in evidence, about six hundred feet south of a line running between the culverts of the two roads. How much of this entire triangle formed by the two embankments and a line running between the culverts has been raised or whether the defendant has permitted the sand and water to accumulate on its own right of way does not satisfactorily appear from the evidence. As the land is lower between these embankments by eighteen inches or two feet than on the north side of defendant's embankment, where the plaintiff's store is situated, we are unable to see why defendant could not have provided an escape for the water over its own right of way, at least to the ravine between the hotel and depot. The plaintiff having introduced evidence which made out a *prima facie* case, the burden

[Postal Telegraph Cable Co. v. Hulsey.]

was cast upon the defendant to overcome it. This the defendant undertakes to do, by showing that the negligence of the Tenn. & Coosa Railroad was the proximate cause of the injury, and not its own. To relieve itself, it must show that its own negligence did not contribute proximately to the injury. The other railroads may have co-operated in degree in causing the injury, but as we view the evidence in the record, their negligence was not the sole cause.

There was no error in permitting the defendant on cross-examination to prove that the spur track was built at plaintiff's request, and if it be shown that there would have been no overflow, but for the spur track, constructed for the convenience of the plaintiff and at his request, he would not be entitled to recover.—*Mayor of Troy v. Coleman*, 58 Ala. 570. If, however, the overflow resulted from the obstruction caused by the little bridge placed by defendant over its own ditch, which ran between plaintiff's store and the embankment of the defendant, we are of the opinion the defendant would be held guilty of proximate negligence whether the water came from the culvert alongside defendant's embankment, or across from the pond. If the embankment obstructed the natural flow of the water and caused the overflow of the store, the defendant would be liable, although other causes may have also contributed to the result.

Under all the circumstances, it seems to us the ends of justice would be better promoted by remanding the cause than by rendering a final judgment here.

Reversed and remanded.