# Syllacauga Land Co. v. Hendrix.

*Bill in Equity to enforce Specific Performance of a Contract of a Sale of Land.*

1. *Bond for title; when vendee entitled to specific performance of the contract of sale.*—Where on a bill filed by a purchaser, to enforce the specific performance of a contract of sale of certain lands, it is shown that at the time of the purchase there was given to the complainant vendee a bond for title, which, after reciting the sale of the lands for a certain named price, one third cash, with the balance payable in one and two years, obligated the vendor to make a deed to said lands on the payment of the notes for the deferred payments, and provided that if the vendor should fail to erect certain manufactories in the town where the land was situated, or have them "in diligent course of construction" at the maturity of the first note, "both of the notes shall be forfeited," and it was further shown that the vendee had made the cash payment, and that the manufactories were neither built, nor in the course of construction at the maturity of the first note, the complainant is entitled to the relief prayed for, and a conveyance of the said lands should be made to him, without further payment of the purchase money.

2. *When assignments of error not considered on appeal.*—Assignments

[Syllacauga Land Co. v. Hendrix.]

of error which are not discussed in brief of counsel for appellant will not be considered by this court on appeal, although there is a state- ment in such brief that "each and every assignment of error is urged."

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. S. K. McSPADDEN.

On December 3d, 1892, the appellee, J. M. Hendrix, filed his bill against the appellant, The Syllacauga Land Co., to enforce the specific performance of a contract for the sale of a certain lot in the town of Syllacauga in Tal- ladega county, Alabama. The bill avers that on April 9th, 1892, the complainant purchased a lot from the Marble City Land & Furnace Company for $500, one- third of the purchase money to be paid in cash, and the balance payable in equal instalments of one and two years; that he paid the cash payment, and executed his promissory notes for each of the others, and that there- upon there was given to him a bond for title evidencing the contract of sale, which is copied in the opinion. It was also averred that upon the maturity of the first of said notes he was ready and willing to pay the same upon the compliance by the said Marble City Land & Furnace Co. of the agreements and conditions contained in said bond for title; but that said company wholly failed to keep this agreement, and did not comply with the stipulations and requirements of said contract, and also re- fused, upon demand, to execute to the complainant a deed to the lot in question. The bill also averred that since the execution of said contract the Marble City Land & Furnace Co. had changed its name to that of the Sylla- cauga Land Company—the respondent to this bill.

The prayer of the bill was that, upon the final hear- ing, the chancellor should cancel both of the notes given for the deferred payments, and divest the title to the said lot in question out of the Syllacauga Land Co., and in- vest it in the complainant.

The respondent demurred to the bill, assigning several grounds among which were the following: 1st. That the bill contained no equity. 2d. That it does not show that the defendant authorized the execution of the said contract. 3d. That the stipulation to erect certain manufactories and industrial establishments &c., or to cause the same to be erected, is not supported by any

consideration, and is invalid. 4th. That it is not averred that there were any false representations made to the complainant; and no contract is shown on the part of the defendant to convey the lot to the complainant upon the payment of the first instalment of the purchase money.. 5th. That the bill shows that the complainant has not paid the purchase money in full, and contains no offer to pay the same, and shows no state of facts that entitles the complainant to the specific performance of the contract as prayed for.

On the submission of the cause, upon the demurrers, the chancellor overruled the same, and the respondent appeals from this decree, and the same is assigned as error.

C. C. WHITSON, for appellant.—Specific performance will not be decreed, unless it is strictly equitable.—*Haggerty v. Elyton Land Co.*, 89 Ala. 429 ; 3 Brick Dig., 351, § 14. There was nothing more than a promise or assurance on the part of the land company that the improvements mentioned should be carried out. It was not averred in the bill that such guaranty was knowingly false. Where representation is made as a matter of opinion, relief will not be granted, unless the purchaser shows that the representation was knowingly false when made by the vendor.—*M. S. R. R. Co. v. Matthews*, 77 Ala. 364 ; *Greil v. Lomax*, 89 Ala. 426 ; *Bradfield v. Elyton L. Co.*, 93 Ala. 528 ; *B. W. & E. Co. v. Elyton L. Co.*, 93 Ala. 552 ; *Manning v. Pippen*, 95 Ala. 537 ; *Miller v. Howell*, 1 Scammon (Ill.) 499, s. c. 32 Amer. Dec. 36 ; *Nelson v. Shelby Man'fg. Co.*, 96 Ala. 515.

"A representation, in order that if material and false it may be the ground of an action where one has been induced to act by reason thereof, should be of some existing fact." *Dawe v. Morris*, 149 Mass. 188 ; 14 Amer. St. Rep. 404 ; *Lawrence v. Gayetty*, 12 Amer. St. Rep. 29 ; *Cottrill v. Krum*, 18 Amer. St. Rep. 549, and note on page 558 ; *B. W. & E. Co. v. Elyton Land Co.*, 93 Ala. 553 ; Pomeroy Eq. Jur., §§ 877, 888. "Representations respecting future events or things to be done at a future time can not be true or false at the time it is made, and hence can not be enforced unless it amounts to a contract."—*Knowlton v. Keenan*, 146 Mass. 86, s. c. 4 Amer. St. Rep. 282 ; *B. W. & E. Co. v. Elyton L. Co.*, 93 Ala.

[Syllacauga Land Co. v. Hendrix.]

553.   Such representations do not create any equitable estoppel—*McLane v. Buliner*, 4 Amer. St. Rep. 36.

OTTS & DICKSON and CECIL BROWNE, *contra*, cited *Haggerty v. Elyton L. Co.*, 89 Ala. 428; *Howell v. N. B. L. Co.*, 59 Ala. 389; *Comer v. Bankhead*, 70 Ala. 136; *Seay v. McCormick*, 68 Ala. 549; *Nelson v. Manning*, 53 Ala. 549.

McCLELLAN, J.—In the view we take of this case, but little need be said in disposing of it.   To our minds the sole question in it has reference to the intention of the parties to be gathered from the terms of the bond for title which the Land Company executed and which the complainant below accepted.   It is as follows:

"STATE OF ALABAMA, } Know all men by these presents,
Talladega County. } that the Marble City Land and Furnance Co., a corporation incorporated under the laws of Alabama, is held and firmly bound unto J. M. Hendrix in the sum of one thousand dollars.   The condition of the above obligation is such that, whereas for the consideration of $166.66-100 dollars this day paid the said Marble City Land and Furnace Co. by the said J. M. Hendrix, and the further sum of $333.35-100 dollars to be paid to the Marble City Land and Furnace Co. by the said J. M. Hendrix, payable in one and two years, respectively, with interest from date, at the office of the Marble City Land and Furnace Company in Syllacauga, Alabama, the Marble City Land and Furnace Company has this day bargained and sold to the said J. M. Hendrix certain real estate situated in the city of Syllacauga, Talladega county, State of Alabama, known and designated on the map of the said Marble City Land and Furnace Company as follows:   Lot No. 3, in Block No. A, fronting 60x70 feet on Curran Street and running back with equal width.

"Now if upon the payment of said notes promptly at maturity and interest, as herein stipulated, the said Marble City Land and Furnace Company causes to be made or makes to the said J. M. Hendrix, or his heirs, a good and sufficient title with covenants of warranty to the aforesaid real estate then this obligation to be void, otherwise to remain in full force and effect.   The Marble City Land and Furnace Company guarantees and

[Syllacauga Land Co. v. Hendrix.]

pledges to the purchaser hereof, that it will erect or cause to be erected at Syllacauga, Alabama, the following manufactories, to-wit, one ten thousand spindle cotton mill; one rolling mill; one furniture factory. If the company fails to erect, or to have in diligent course of construction, said manufacturing plants at the maturity of first of said notes above described, then both of said notes shall be forfeited, and the purchaser hereof shall be released from the payment hereof; but no other penalty or liability shall be visited upon said company, on account of failure to erect said manufacturing plants as aforesaid, other than the forfeiture of the balance of the purchase money for said land evidenced by said notes as aforesaid. In testimony whereof the said Marble City Land and Furnace Company has hereunto signed its corporate name and caused its corporate seal to be hereunto affixed by its president, who is authorized thereto, on this the 9th day of April, 1891.

Marble City Land & Furnace Company<br>S. E. Noble, Vice President.''

The parties could not have intended that, notwithstanding the failure of the vendor to erect the cotton mill, rolling mill and furniture factory, stipulated for and guaranteed in the bond, the vendee would not be entitled to the land except on payment of the notes as well as the cash instalment of the purchase money, for this would have been to destroy the guaranty altogether and to require complainant to pay the sum evidenced by the note when the defendant had expressly released his claim in that regard. Nor could it have been in the minds of the parties that the bond should become mere waste paper and the sale of land be avoided because of the failure of the maker of the bond to perform one of its express stipulations. This would be to convert a stipulation manifestly intended for the vendee's benefit into a stipulation for the benefit of the vendor, and to enable the latter to take advantage of its own wrong and default to the direct injury of the vendee in the loss of the cash payment. It can not be that it was in the contemplation of the parties that the guaranty should operate collaterally affording the vendee an action for damages, after paying the notes, but requiring him to pay them, for a breach of it, for, if any one matter is plainer than another in this instrument, it is that upon breach of the

guaranty the notes should become at once forfeited, i. e.,
the money the vendor would otherwise have been enti-
tled to under them should be forfeited to the vendee, and
that the purchaser should be released from the payment
thereof. And how there could be any duty resting on
the vendee to pay money which was thus forfeited to
him and his obligation to pay which is thus, the con-
dition transpiring, expressly released, is not conceivable.
There is, to our minds, but one possible construction to
put on the contract evidenced by this bond—but one
possible conclusion as to what the parties intended in
entering into it—and that is this : The defendant sold
and agreed to convey, and the complainant purchased
and was to receive a conveyance of the land at the price
of $166.66 if the specified mills and factory were not
built or in the course of "diligent construction" at a cer-
tain future day, and at the price of $500 if said mills
and factory should be built or in course of "diligent
construction" at said day. This is the essence of the
contract. To so interpret it offends none of its terms
nor contravenes any of them except to the extent
other of its stipulations authorize and require, and
it is the only construction of it which can at all be
justified by the language the parties have used to ex-
press their purposes and agreements. The sale was up-
on the consideration of $500 in the event the mill &c,
were built &c. by the day named, and upon the consider-
ation of $166.66, if they were not so built. The condi-
tion upon which the larger consideration was to be paid
was not and can never occur—the time has passed and
the mills and factory nor any of them had not then been
erected, nor were they or either of them then in course of
erection. The state of facts upon which the other and
smaller sum was to be taken as full consideration trans-
pired before and was existent at the time of bill filed.
That full consideration had then been fully paid ; and
the complainant was entitled to the relief prayed in his
bill—the specific performance of the contract to convey
evidenced by the defendant's title bond.

The foregoing disposes of all the assignments of
error discussed in the brief of counsel for appellant.
Others will not be considered although there is a state-
ment in the brief that "Each and every assignment of

[Schamagel v. Whitehurst.]

error is urged."—*Williams v. Spragins, Buck & Co.*, 102 Ala. 424.

The decree overruling the demurrer is affirmed.