# Southern Railway Company v. Cunningham, Admr.

*Action Against Railroad Company by Administrator of Deceased Employé.*

1. *Damages for personal injuries; sufficiency of complaint; demurrer.*—In an action sounding in damages for personal injuries resulting from the negligence of a person in charge or control of any signal point, locomotive, &c., the complaint must allege the name of such person, or that his name is unknown, and failing in this, the complaint is insufficient and subject to demurrer upon that ground.

2. *Waiver of assignments of error.*—Assignments of error not insisted upon in the argument or brief of counsel are considered waived, and will not be considered.

APPEAL from the City Court of Anderson.

Tried before the Hon. JAMES W. LAPSLEY.

This appeal is taken from the rulings of the court below on the pleadings, as is provided for by the acts of the legislature establishing the city court at Anniston (Acts, 1888-89, p. 572).

The action was brought by the appellee, James Cunningham, against the Southern Railway Company, the appellant. The complaint contains three counts. The third count was as follows : "That on or about the 12th of November, 1895, plaintiff's intestate was in the employ of the defendant as a work hand on a construction or work train, then used as such by defendant, on one of its railroads in Walker county, Alabama, near a certain station called Hewitt's, at which station there was a side track used for allowing cars to pass each other there ; that plaintiff's intestate was on said work train on said day as said laborer in said employ, and under the supervision and guidance of one H. P. Hun-

nicutt, as the conductor and director of said train and the laborers thereon ; that by reason of the gross negligence of a person then in the employ of defendant with said train and under said supervision of said Hunnicutt, which said person then had charge and control of a certain signal point just east of said station on said day, and it was his duty to flag or warn all trains approaching said station from the east on that day, that there was near said station on the west said work train, and that the same would have to be passed at said station to the west of said signal point; that the name of said per- son so in charge of said point, and whose duty it was to warn said trains from the east as aforesaid, is unknown to plaintiff, and he wholly failed to perform said duty, and with gross negligence and recklessness, evincing utter disregard for the life and safety of the persons whom he knew to be in danger west of said point, he left said point wholly without a signal or warning, and deserted his post of duty ; that because of said gross negli- gence and reckless disregard of duty on the part of said person, a freight train passed said station and violently collided with the work train going east towards said sta- tion, and by such collision, which occurred on account of said gross neglicence as aforesaid, the engine of said freight train struck one or more cars of said work train, on one of which was plaintiff's intestate, who was then and there instantly killed, to plaintiff's damage, as he says, twenty-five thousand dollars."

The defendant demurred to the third count of the com- plaint, among others, upon the following grounds : "1. For that the name of the alleged person sent to flag the train is not given.    2.    For that it is not shown that the name or said person can not be ascertained by the plain- tiff by the exercise of reasonable diligence, or that he has made any effort to ascertain the same."    This demurrer was overruled, to which ruling the defendant duly excepted.    The defendant appeals, and assigns the overruling of this demurrer as error.

JOHN B. KNOX, for appellant.—The name of the per- son whose negligence is complained of should be stated in the complaint so as to give the defendant notice thereof, and present as an issuable fact whether such person was in the service or employment of the appel-

[Burns v. Tennessee & Coosa Railroad·Company.]

lant.—*M. & O. R. R. Co. v. George*, 94 Ala. 199 ; *McNamara v. Logan*, 100 Ala. 187.

D. D. McLEOD, *contra*.

McCLELLAN, J.—It has come to be settled in this court that a count sounding in damages for personal injuries resulting from the negligence of a person in charge or control of any signal point, locomotive, &c. &c., must allege the name of such person, or that his name is unknown to the plaintiff.—*Mobile & Ohio R. R. Co. v. George*, 94 Ala. 199 ; *McNamara v. Logan*, 100 Ala. 187 ; *L. & N. R. R. Co. v. Bouldin*, 110 Ala. 185.

The assignments of demurrer to the third count of the complaint directed against the failure of said count to aver the name of such person, or that his name was unknown to plaintiff should have been sustained. Other grounds of demurrer to the complaint are not insisted on in the brief of appellant's counsel, and we have not considered them.

Reversed and remanded.