# Mobile, Jackson & Kansas City Railroad Co. v. Riley.

### *Condemnation Proceedings.*

1. *Opinion evidence of value, &c.*—The rule excluding "opinions" as evidence is not applied so strictly to questions of "values" and "estimates" as to many other subjects.
2. *Measure of damages in condemnation proceedings.*—In proceedings for the condemnation of a railroad right of way, it is not error to instruct the jury that the land owner is entitled to damages to the amount of the full value of the land taken, and to the extent the remaining lands are diminished in value.

APPEAL from Mobile Circuit Court.

Tried before Hon. WM. S. ANDERSON.

This was a condemnation proceeding for a railroad right of way, instituted in the Probate Court of Mobile County, and removed by appeal to the Circuit Court. It appeared that the proposed right of way crossed the

lands of appellee from east to west, leaving a triangular tract south of the right of way. The witnesses, Outlaw, a real estate agent, and Bennett, a brick-maker and farmer, were permitted, against the general objection of appellant, to give their opinions; 1, as to the value of the lands per acre before the right of way was taken; 2, the value of the fractions left on each side of the right of way after it was located; 3, the diminution in value of the whole tract. One phase of the evidence tended to show that the value of the triangular fraction left on the south side of the road would be practically destroyed. The court gave the following written charge at the request of the defendant: "If the jury believe from the evidence that by the railroad passing over defendant's property the value of that portion south of the railroad was entirely destroyed, then the jury ought to allow defendant the full value of the land actually taken, together with the value of the land south of the track; and if in addition to this, the value of the land north of the track was also diminished, the jury should also allow the defendant the value of this diminution."

McINTOSH & RICH, for appellant.—(No brief came to the hands of the reporter.)

GREGORY L. & H. T. SMITH, *contra,* cited, *Larkin v. Baty,* 111 Ala. 303; *Amer. Oak Ext. Co. v. Ryan,* 112 Ala. 345; *Burke v. Hubbard,* 69 Ala. 276; *E. T., V. & G. R. R. Co. v. Watson,* 90 Ala. 44; *Hooper v. Savannah R. R. Co.,* 69 Ala. 529; 6 Am. & Eng. Encyc. of Law, 574.

COLEMAN, J.—The appeal is prosecuted from a judgment rendered in condemnation proceedings, instituted by appellant to secure a right of way across the lands of appellee. The only assignments of error relate to the admission of the testimony of one Outlaw, and one Bennett, and the instruction to the jury.

An examination of the record shows that the objections of appellant to the testimony were general, specifying no grounds whatever. If the real ground of objection was, that a sufficient predicate had not been laid for the introduction of expert testimony, and the ground had been stated, it may be, that the necessary preparatory proof would have been made, if, in fact, it was not

made. However, from aught that the record shows, this court does not know, nor could the trial court have known, the specific ground upon which the objection was based.—Rule of Practice, 90 Ala.

The rule excluding "opinions" as evidence is not applied so strictly to questions of "values" and "estimates" as to many other subjects.—*E. T., V. & G. R. R. Co. v. Watson,* 90 Ala. 41; *Burks v. Hubbard,* 69 Ala. 379.

The charge given to which an exception was reserved was authorized by the decisions of this court.—*Hooper v. Savannah R. R. Co.,* 69 Ala. 529.

Affirmed.