# Southern Railway Company v. Plott.

*Action against Railroad Company to recover Damages Caused by Overflow.*

1. *Liability of railroad company for injuries arising from defective bridges, as affected by overflow.*—In the location and construction of bridges and trestles, a railroad company is required to bring to the work the engineering skill and

knowledge generally known and applied in such business, having regard to the size and nature of the stream, the character and features of the adjacent country which constitutes its water-shed, the relative position and formation of the abutting land, its liability to overflows, and their probable extent and effect; but it is not bound to provide against unusual or extraordinary floods, such as have never been known to occur before, and which could not reasonably have been anticipated by competent and skillful engineers.

2. *Action against railroad company for damages from overflow; charge of court to jury.*—In an action against a railroad company to recover damages resulting from an overflow, alleged to have been caused by the negligence of the defendant in failing to leave a sufficient opening in a trestle for the passage of the waters of a creek in times of flood, where the evidence tends to show that the overflow was caused by an unusual rain fall which washed logs and timbers and debris against the trestle, a charge is properly refused which instructs the jury that if they "believe from the evidence that there had been rains of as great magnitude before, and that the overflow, in this instance, was caused by the choking up of the water-way under the trestle by timbers, brush, and other debris, which were not left lying in the path of the stream by the negligence of the defendant, they must find for the defendant."

3. *Same; same.*—In such a case, a charge is properly refused which instructs the jury that if they "believe from the evidence that there had been rains of as great magnitude before, and that the overflow was caused, in this instance, by the choking of the water-way under the trestle by timbers, brush and other debris, which were not left lying in the path of the stream by the negligence of the defendant, they can not find for the plaintiff."

4. *Action against railroad company for damages resulting from overflow; admissibility of evidence.*—In an action against a railroad company to recover damages resulting from an overflow, alleged to have been caused by the defective construction of an embankment and of a trestle over a creek, where the evidence shows that the tracks of the defendant were washed away upon the occasion in question, at the place where the injuries were caused, it is not competent for the defendant to prove that there were other points along the line of its road in the same county that were damaged by reason of the same heavy rain fall.

APPEAL from the Circuit Court of Lamar.

Tried before the Hon. S. H. SPROTT.

This action was brought by the appellee, W. H. Plott, against the Southern Railway Company, and sought to recover damages for injuries to a stock of goods owned by the plaintiff, which was caused by an overflow, which flooded the plaintiff's store wherein the goods were, and which was alleged to have been occasioned by an embankment contructed by the defendant across a creek.

The complaint contained two counts. In the first count the negligence alleged was that the defendant in constructing a trestle across a creek, which ran near the plaintiff's storehouse, negligently failed to construct, maintain and leave open a sufficient channel under said trestle for the passage of the waters of said creek; that the defendant had made the natural channel narrower, and thereby obstructed the flow of the water; and that as a result during a heavy rainfall, water was backed up from said trestle and embankment so constructed by the defendant and flooded the plaintiff's store, causing the injuries complained of. In the second count the negligence complained of was that the "defendant negligently failed to place, leave, construct and keep in its said railroad track and through said embankment for the escape and passage of water during rainfall, such opening as was necessary, and closed up the original and natural outlet of said creek; although the defendant had notice of such defect before the injury here complained of," and that by so negligently closing up the natural channel and obstructing the flow of the water during a heavy rainfall, the waters of the creek were backed up from the trestle and flooded the store of the defendant, causing the injury complained of.

The cause was tried upon issue joined on the plea of the general issue. The evidence for the plaintiff tended to show that in the construction of the trestle across the creek, which ran near the plaintiff's store, the railroad company had filled up a portion of the natural channel of the creek by an embankment; that the opening or channel left open under the trestle was much narrower than the natural channel, and was insufficient to carry

off the waters of the creek after a heavy rainfall; that in the construction of the trestle over said creek there was put in the channel supports for said trestle, which were variously estimated to be from 7 feet to 14 feet apart, and that this had not left opening sufficient to carry the debris down the creek after a heavy rainfall; that at the time specified in the complaint there was a very heavy rainfall, and that by reason of the channel of the creek being partially closed up in the construction of the trestle the waters of the creek backed up from said trestle and flooded the plaintiff's store, causing the damages complained of.

There was evidence introduced for the plaintiff tending to show that at a previous time, during a heavy rainfall, the channel left open under the trestle in question was not sufficient to carry off the water. and the embankment of the defendant was partially washed away.

The evidence for the defendant tended to show that the trestle built across the track in question was sufficient for the carrying off of the waters from usual rainfalls; that at the time complained of by the plaintiff the rainfall was the heaviest known in that section of the country for many years; that by reason of so unusual a rainfall, logs, fences and houses were washed away and floated down the creek until they got to the trestle and there formed a jam, which caused the waters of the creek to be backed up from the trestle to the defendant's store, and also washed the tracks of the defendant from off its embankment. The evidence for the defendant further tended to show that but for the unusual rainfall, which caused unusual debris to be brought down the stream, the water would not have backed up and flooded the store, but that the channel under the trestle would have been sufficient to have carried off the water. It was further shown by the evidence that the defendant in the present suit purchased the railroad in question from the Richmond & Danville Railroad Company, and that the trestle was in the same condition at the time in question as it was when the defendant purchased said road.

During the examination of one Jemison, as a witness for the defendant, and after he had testified that he was section foreman of that portion of defendant's road where the accident happened, and had been in charge of the trestle, he was asked to tell the jury "what other points along the road in the county of Lamar that same night' were damaged that had never been damaged up to that time?" The plaintiff objected to this question upon the ground that it called for incompetent and immaterial evidence.     The court sustained the objection, and to this ruling the defendant duly excepted. The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "If the jury believe the evidence, they can not find a verdict for the plaintiff under the first count of the complaint." (3.) "If the jury believe the evidence, they can not find a verdict for the plaintiff under the second count of the complaint." (9.) "If the jury believe from the evidence that there had been rains of as great magnitude before, and that the overflow, in this instance, was caused by the choking up of the waterway under the trestle by timbers, brush, and other debris, which were not left lying in the path of the stream by the negligence of the defendant, they must find for the defendant." (10.) "If the jury believe from the evidence that there had been rains of as great magnitude before, and that the overflow was caused, in this instance, by the choking of the waterway under the trestle by timbers, brush, and other debris, which were not left lying in the path of the stream by the negligence of the defendant, they can not find for the plaintiff."

There were verdict and judgment for the plaintiff, assessing his damages at $300. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SMITH & WEATHERLY, for appellant.—We think the evidence in the case shows a flood of such an unprecedented character as to justify the conclusion that the

plaintiff's damages was caused by an act of God.—*Coosa River Steamboat Co. v. Barclay et al.,* 30 Ala. 120; *Smith v. Western Ry. of Ala.,* 11 L. R. A. 619.

The question is: "Was the defendant guilty of negligence in the matter of construction or maintenance of this trestle?" The true test is: "Was the trestle so negligently constructed as to be insufficient and insecure in cases of usual and ordinary floods incident to that section? If it was sufficient and safe at such times, though insufficient to stand against extraordinary floods, negligence in its construction cannot be regarded as the real producing cause of the injury."—*C. & W. R. R. Co. v. Bridges,* 86 Ala. 453. And this principle is in accord with the general current of authority.—Ray on Negligence (Personal) 435, note 2; *Cent. Trust Co. v. R. R. Co.,* 58 Am. & Eng. R. R. Cases, 642, and cases cited in note on page 653. See also note to case of *Brown v. Pine Creek Ry. Co.,* 8 Am. & Eng. R. R. Cases (new series), 693-701.

W. A. YOUNG, *contra.*—If the trestle and embankment obstructed the natural flow of water and caused the overflow of the store, the defendant would be liable, although other causes may have contributed to the result.—*Shahan v. Ala. Gt. Southern R. R. Co.,* 115 Ala. 181; s. c. 116 Ala. 302; *Central Railway v. Windham,* 126 Ala. 552.

The defendant cannot set up the act of God as defense when his negligence was the proximate cause of the injury.—13 Ency. Law (1st ed.), 697; *Ohio R. Co. v. Neutzel,* 43 Ill. App. 108.

Although floods occur at rare intervals they must be provided against.—*Gulf R. R. Co. v. Pomeroy,* 67 Tex. 498; *Michaels v. New York Cen. R. R. Co.,* 30 N. Y. 564.

The continuance of the use of this culvert by the defendant was an adoption thereof, and renders the defendant liable as the originator of the wrong.—*Clark v. Dyer,* 81 Tex. 339; *Wayland v. St. Louis R. R. Co.,* 75 Mo. 548.

SHARPE, J.—In the construction and maintenance of railroads common prudence requires that employment of at least ordinary engineering knowledge and skill to the end of avoiding injury to property which will probably come from the obstruction of natural streams and waterways. While those engaged in such undertaking are not bound to provide against floods of which the usual course of nature affords no premonition, yet they are bound to use ordinary care to build so as not to obstruct to the damage of others, rainfalls such as may reasonably be expected whether they are likely to be of frequent or of rare occurrence.—*C. & W. R. Co. v. Bridges,* 86 Ala. 453; *Pittsburg, etc., R'wy Co. v. Gilleland,* 56 Pa. St. 445; *Railway Co. v. Pomeroy,* 67 Tex. 498, 30 Am. & Eng. R. R. Cases, 200; *International, etc., R. Co. v. Haloran,* 3 Am. & Eng. R. R. Cases, 343; *Brown v. Pine Creek R. Co.,* 8 *Ib.* (N. S.) 693 and notes.

A structure which dams up a waterway and causes the water to spread dangerously from its natural course may amount to a nuisance, and the maintenance as well as the erection of a nuisance, with knowledge of its harmful character, may create a liability for resultant injuries.—*Railroad Co. v. B. N. Y. Co.,* 51 N. Y. 573; *Dickson v. Chicago, etc., R. R. Co.,* 71 Mo. 575. Though the defendant acquired the railroad after the embankment complained of was built, its character and that of the stream and surrounding country together with common knowledge with which it was legally charged concerning rainfalls to which the country was subject, may have been sufficient to show it had notice of the consequences which would naturally follow from continuing the existing conditions.

There was evidence introduced on the trial sufficient to warrant the jury in finding defendant liable in damages as alleged in each count of the complaint and which necessitated the refusal of charges 1, 2 and 3.

Not infrequently the drifting of timbers is incident to a flood; and where there are loose timbers along a stream due care in the construction and maintenance of a trestle may call for plans and methods to prevent their lodgment and so prevent them obstructing the water.

Charge 9 refused to defendant improperly pretermitted inquiry as to defendant's fault in this respect, and charge 10 had a misleading tendency to confine the inquiry to negligence *vel non* in respect of the presence and accumulation of drift wood only.

There was no error in refusing to allow the witness Jemison to state "what other points along the line of road in the county of Lamar that same night were damaged that had never been damaged up to that time." To have pursued the investigation proposed by the question would have engendered an unprofitable multiplication of issues.

The judgment will be affirmed.