[Jackson Lumber Co. v. Cunningham, Administratrix.]

# Jackson Lumber Co. *v.* Cunningham, Administratrix.

*Action by Administratrix to recover Damages for Death of Intestate.*

1. *Employer's Liability Act; action for negligence; sufficiency of complaint.*—In an action brought by an administratrix of the estate of a deceased employee against his employer to recover damages for the injuries resulting in the death of plaintiff's intestate, a count of the complaint states a cause of action, and is not subject to demurrer which in its averments attributes the plaintiff's intestate's death to "a defect in the condition of the ways, works, machinery or plant used in or connected with the said business of defendant, which said defect arose from or had not been discovered or remedied, owing to the negligence of defendant or of some person in the service or employment of defendant, and intrusted by it with the duty of seeing that the said ways, works, machinery or plant were in proper condition, viz: the said railway from which the said engine was derailed as aforesaid at or near the point of derailment was defective."

2. *Action for injuries resulting from derailment of railroad engine; admissibility of evidence.*—In an action by an administratrix of deceased employee against the latter's employer to recover damages for injuries resulting in the death of plaintiff's intestate, where the injuries were caused by a railroad locomotive upon which the intestate was engineer, becoming derailed, and turning over upon him, and in the complaint the negligence complained of was the defective condition of the railroad track, it is permissible for the plaintiff to introduce testimony tending to show the condition of the rails and timbers of the railroad track at the place of the derailment as they appeared shortly after the accident.

3. *Same; same.*—In such a case, for the purpose of identifying the timbers found near the track and described by certain witnesses as having been partly decayed, with the timbers that had been removed from the track after the accident, it is permissible for the plaintiff to introduce testimony to show that between the time of the accident and the time referred to by

the witnesses who had examined the track, said track had been repaired and the timbers referred to had been removed therefrom.

4. *Same; same.*—In such an action, where there is some question as to whether the rails used on the railroad track were of the proper weight, it is competent to ask a witness who was shown to have been an engineer for a number of years, and to have had experience in railroading, what in his judgment, was the weight of the engine which was derailed. and which caused the injury to the plaintiff's intestate.

5. *Action for personal injuries occasioned by derailment of railroad locomotive; charge in reference to inspection of track.*—In an action to recover damages for personal injuries resulting in the death of an employee who was, at the time of the injury, an engineer upon one of the defendant's engines, and it is averred that the injuries were sustained by reason of defects in the condition of defendant's railroad track, the fact that two days before the accident, the railroad track was inspected and no defect was discovered, does not, as a matter of law, show that there was no defect in the railroad track.

6. *Duty of owner of railroad to employee.*—It is the duty of a railroad company to keep its ways, works, machinery or plant in safe and good condition, and, in the absence of knowledge to the contrary, an employee is entitled to assume that this duty has been performed.

7. *Same; same.*—In an action against a company owning a railroad to recover damages for injuries caused by the alleged defects in the railroad track, the burden is upon the defendant to prove that the plaintiff's intestate knew of the defect causing the accident; and the fact that he had such knowledge is not reasonably inferable from the mere fact that he had been accustomed to run trains over such road.

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. N. D. DENSON.

This action was brought by the appellee, Lola Cunningham, as administratrix of the estate of Norman Cunningham, deceased, against the appellant, the E. E. Jackson Lumber Company, to recover damages for the alleged negligent killing of the plaintiff's intestate.

The complaint as originally filed, contained four counts. During the trial of the case and after the introduction of all the evidence, the plaintiff amended her

complaint by striking out the 1st, 3rd and 4th counts of the complaint. The substance of the 2nd count of the complaint, as amended, on which the trial was had, is sufficiently stated in the opinion.

To this second count as amended, the defendant demurred, assigning various grounds, which may be summarized as follows: 1. Said count does not show any negligence on the part of the defendant, its agent, servant or employee. 2. Said count does not show what constituted the defect in the ways, works, machinery or plant used in or connected with the business of defendant. 3. Said count does not point out the defect in said railway at or near the point of said derailment. 4. Said count does not show that the defect complained of was the proximate cause of the death of plaintiff's intestate. This demurrer was overruled.

The defendant pleaded the general issue and several special pleas, in which was set up contributory negligence on the part of plaintiff's intestate, and also that the plaintiff's intestate assumed the risk incident to his running the engine over the track of the railroad company at the point where the derailment of the engine occurred. Issue was joined upon these pleas.

On the trial of the case, it was shown that the defendant was engaged in the lumber business and was operating a saw-mill; that in connection with such lumber and saw-mill business, the defendant owned and operated a railroad, upon which was run locomotives and cars; that at the time of the accident which resulted in the death of plaintiff's intestate, plaintiff's intestate was in the employment of the defendant as an engineer, upon one of its locomotives, which was being run upon the track of defendant's railway; that the said intestate had been so employed for a number of months, and had been running as engineer upon the particular engine for several months; that on the day of the accident, the plaintiff was running said engine along the railroad track owned by the defendant, and there was attached to said engine a number of cars; that as said engine was moving along said track, and as it came to a certain designated stock gap along said railroad track, said

engine became derailed and turned over upon the plaintiff's intestate, and crushed him to death.

The plaintiff's testimony tended to show that at the stock gap where the derailment of the engine occurred, the track of the defendant was in a defective condition; that the rails were too light to sustain an engine of the weight of the locomotive upon which the plaintiff's intestate was riding; that some of the cross-ties at said place were rotten, and that the derailment of the engine was caused by the lightness of the rails, and the rotten condition of the cross-ties at said place.

- The evidence for the defendant tended to show that the track of the defendant was in good condition and in good repair; that at the stock gap in question along that part of the said railroad track, the crossties were not rotten, but were in good condition, and that the road-bed was in good condition. The section foreman who had superintendence and supervision over the part of the railroad track where the accident occurred, testified that he inspected said road-bed and track on Saturday preceding said accident, which occurred on Monday, and that said road-bed was in good condition and said track in thorough repair.

During the examination of some of the witnesses for the plaintiff and after they had testified to an examination of the track of the defendant's railroad at the stock gap upon the day of the accident, the said witnesses were allowed, against the objection and exception of the defendant, to testify to the condition of the rails and timbers of the road-bed of said railroad at said stock gap and for a short distance on either side of said stock gap, as they appeared shortly after said accident, and also to said track having been repaired after said accident, and to have found partly decayed stringers and cross-ties at and near the place of derailment, which stringers and cross-ties appeared to have been taken from said stock gap and the railroad immediately adjacent thereto.

During the examination of one Thomas Meroney, he testified that he was in the employ of the defendant as an engineer on the date that plaintiff's intestate was in-

14

jured; but was operating a different engine; that he had been an engineer for a number of years, and had had a great deal of experience during that time, not only in reference to locomotive engines, but also as to the construction of railroad tracks, having been also a section foreman for a short time. Thereupon the plaintiff asked said witness what, in his judgment, was the weight of the engine upon which the plaintiff's intestate was riding when the accident occurred. The defendant objected to this question, upon the grounds that it called for irrelevant, illegal and immaterial evidence, and because the witness was not shown to be an expert as to such matters, and was not shown to have been sufficiently familiar with the weight of said engine to answer. The court overruled the objection and the defendant duly excepted. The witness answered that in his estimation the engine weighed 45 tons.

The court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "The jury in weighing the evidence are not bound to count the number of witnesses and decide the case for that side which has the most witnesses." (2.) "It is the duty ordinarily of a corporation employing a locomotive engineer to use due care to see that the railway over which he is required to run the engine is in a reasonably safe condition for the running of the engine, and the engineer may ordinarily act on the presumption that the employer has attended to this duty." (3.) "There is no evidence in this case that Norman Cunningham was guilty of any negligence which proximately contributed to his own death, and the jury cannot find a verdict for defendant on any of its pleas of contributory negligence."

The defendant separately excepted to the court's giving each of said charges, and also excepted to the court's refusal to give each of the following written charges, requested by it: (2.) "I charge you, gentlemen of the jury, that if you find from the evidence that it was the duty of plaintiff's intestate to keep in repair the railway and cattle guard, and if there was any defect therein it was his duty to remedy or cause to be remedied such de-

fect, and if he failed therein he cannot recover." (3.)
I charge you, gentlemen, that defendant is not liable if
Norman Cunningham knew of the defect in the railway,
and failed in a reasonable time to give information there-
of to his employer, or to some person superior to him-
self in the service of the employer, unless he knew that
the employer or such superior was already aware of the
defect; nor is the employer, the E. E. Jackson Lumber
Company, liable unless the defect arose from or had not
been discovered or remedied owing to the negligence of
the master or employer, or some person in his service
instructed by him with the duty of seeing that the rail-
way and cattle guard were in proper condition." (4.)
"I charge you, gentlemen of the jury, that if you find
from the evidence that at the time plaintiff's intestate
ran such engine over such railway, he was an experienc-
ed engineer and familiar with railway tracks, and knew
at the time the character and condition of said track,
and knew the effect of running such engine of such char-
acter and condition on said railway, and the danger in-
cident thereto, and knew the chances and danger of de-
railment of said engine, if run upon said track, then the
plaintiff cannot recover in this action." (5.) "I charge
you, gentlemen of the jury, that if you believe from the
evidence that the railway had been carefully inspected
on the Saturday before the accident by a competent
road overseer, and no defect was discovered in such
railway, and if you further find from the evidence that
such defect was not known to the defendant, his ser-
vants or employees, then the plaintiff cannot recover."
(8.) "I charge you, gentlemen of the jury, that if you
believe the evidence in this case, you must find for the
defendant."

There were verdict and judgment in favor of the plain-
tiff, assessing her damages at $5,000.00. Thereafter the
defendant made a motion for a new trial, assigning as
grounds therefor the several rulings of the trial court,
which were adverse to the defendant, and that the ver-
dict of the jury was contrary to the law and the evi-
dence. The court overruled this motion, and the defend-
ant duly excepted.

[Jackson Lumber Co. v. Cunningham, Administratrix.]

The defendant appeals, and assigns as error the rulings of the court upon the pleading, and the other rulings of the trial court to which exceptions were reserved.

PETTUS, JEFFRIES & PARTRIDGE, and WM. A. COLLIER for appellant.—The court erred in overruling the demurrers to the 2nd count as amended of plaintiff's complaint. One of the grounds of demurrer was that the defect relied on was not pointed out by the count. The word used was "railway." A word of broader meaning could hardly have been used; as the word "railway" includes everything, the whole property of the corporation, and its very individuality, within its definition. It has one of the widest and most comprehensive uses of any word in technology.—13 Ency. of Pl. & Pr. 908; *L. & N. Ry. Co. v. Jones, Admr.* 130 Ala. 456; *Black v. P. & R. R. Co.* 58 Pa. St. 249. The court erred in its rulings upon the evidence.—*Atchison, T. S. F. R. Co. v. Parker,* 5 C. C. A. 220; *Sappenfield v. Main St. & A. P. R. Co.,* 91 Cal. 48, 61; *Nalley v . Hartford Carpet Co.* 51 Conn. 524, 527; *Shinners v. Proprietors, etc.,* 154 Mass. 168; *Terre Haute & I. R. Co. v. Clem.,* 123 Ind. 15; s. c. 7 L. R. A. 588.

The charges requested by the defendant should have been given.—*L. & N. R. Co. v. Markee,* 103 Ala. 160, 169; *M. & O. R. Co. v. George,* 94 Ala. 199, 220; *L. & N. R. Co. v. Binion,* 98 Ala. 570, 576; *L. & N. R. R. Co. v. Davis,* 91 Ala. 487, 494; *Tuck v. L. & N. R. R. Co.,* 98 Ala. 150, 153.

BOWMAN, HARRSH & BEDDOW, *contra.*—The following authorities are conclusive against appellant's position: *Mary Lee C. I. & R. R. Co. v. Chambliss,* 97 Ala. 172; 4 Hd. Note A. *G. S. R. R. v. Davis,* 119 Ala. 573; *L. & N. R. R. Co. v. Mothershed,* 12 Sou. Rep. 715; *Armstrong Admr. v. Mont. St. R. R.* 123 Ala. 244; *Sou. Ry. Co. v. Guyton,* 122 Ala. 231; *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237; *Laughran v. Brewer,* 113 Ala. 515; *L. & N. R. R. Co. v. Hawkins,* 92 Ala. 241; *L. & N. R. R. Co. v. Orr,* 94 Ala. 602; *G. P. Ry. Co. v. Davis,* 92 Ala. 307; *M. & M. Ry. Co. v. Crenshaw,* 65 Ala. 567; *Leach et*

*als v. Bush,* 57 Ala. 145; *Hall v. Poscy,* 79 Ala. 85; *M. &
O. R. R. Co. v. Thomas,* 42 Ala. 672; *L. & N. R. R. Co. v.
Jones,* 83 Ala. 376; *R. & D. R. R. Co. v. Vance,* 93 Ala.
147.

SHARPE, J.—Plaintiff's intestate was killed by the
derailment of a locomotive engine he was running on
a railway operated by the defendant while in defendant's
service as an engineer.   The action is under the employ-
ers' liability statute (Code, §§ 1749, 1751) and by the
count constituting the amended complaint, the death is
attributed to "a defect in the condition of the ways,
works, machinery or plant used in or connected with
the said business of defendant, which said defect arose
from or had not been discovered or remedied, owing to
the negligence of defendant or of some person in the
service or employment of defendant and instructed by it
with the duty of seeing that the said ways, works, ma-
chinery or plant were in proper condition, viz., the said
railway from which the said engine was derailed as
aforesaid at or near the point of derailment was defec-
tive." The count mentioned was not subject to the ob-
jections taken by demurrer.   The averment quoted was
sufficient to give notice of the species of negligence re-
lied on for recovery and of the structure undertaken to
be shown defective. The term "railway" being used in the
pleading merely to designate that from which the en-
gine was derailed, must in such use be construed as
synonymous with *track,* and this court has held in ac-
tions similar to this that a complaint alleging that the
track of a railroad was defective is under our system
of pleading sufficiently specific as to defects.—*Ala. Gr.
So. R. Co. v. Davis,* 119 Ala. 573.

From the condition of the rails and timbers of the
railway including the stock gap standing at the place of
derailment as they appeared shortly after the accident,
inferences might well have been drawn as to conditions
existing at the time of the accident. Plaintiff had, there-
fore, the right to prove such subsequent condition, and
for the purpose of identifying timbers found near the
track and described by witnesses, as being partly de-

cayed with timbers that had in part composed the track at the place of derailment when the same occurred, it was proper to allow proof that between the time of occurrence and the time of the examination made by the witness, changes were made involving the removal of those timbers from the track, at and in immediate proxomity to that place.—20 Am. & Eng. Ency. Law 86.

Presumably the witness Meroney in the course of his experience as an engineer and section boss, had acquired such knowledge of engines as together with his personal observation of the engine derailed, qualified him to give, in testifying, his estimate of the weight of that engine. "The rule excluding opinions as evidence is not applied so strictly to questions of values and estimates as to many other subjects."—*Mobile etc. R. Co. v. Riley,* 119 Ala. 260.

How frequently the road ought in the use of due care to have been inspected, was a question of fact dependent, it may be, on the character of the material of which the road was composed and the use to which the same was subjected. The court could not properly have charged as matter of law that defendant's duty in that regard had been discharged by an inspection had on the Saturday next before the Monday of the accident as was assumed in refused charge 5 .

There was no evidence to show such defect as may have existed, was open to ordinary observation or was brought to the intestate's attention, nor was there evidence that the intestate's duties extended to track inspection. To him the defendant owed the duty of using due care to provide a track reasonably safe for the running of trains and he, in the absence of knowledge to the contrary, was entitled to assume, and rely on the assumption, that this duty had been performed.—*Ga. Pac. R. Co. v. Davis,* 92 Ala. 300; *L. & N. R. R. Co. v. Baker,* 106 Ala. 624; *L. & N. R. R. Co. v. Hawkins,* 92 Ala. 241. The burden of proving the intestate knew of the defect causing the accident was on the defendant, and that he had such knowledge was not reasonably inferable from the mere fact that he had been accustomed to run trains over the road.—*Highland Ave. etc. R. Co. v. Miller,*

[Kansas City, Memphis & Birmingham R. R. Co. v. Thornhill.]

120 Ala. 535. The court, therefore, was justified in giving charges upon the assumption that the intestate did not know of the alleged defective condition and was not guilty of contributory negligence, and in refusing charges framed upon the contrary assumption.

The question of defendant's negligence belonged with the jury. There was evidence from which it might have been found that by reason of unsoundness of its timbers and the lightness of its rails the track at and near the stock gap was not sufficiently stable to carry an engine so heavy as the one in use and that the defect arose from or had not been discovered or remedied owing to negligence chargeable to the defendant. It does not appear that the court erred in overruling the motion for a new trial or in any matter insisted on in briefs. Assignments of error not so insisted on are not here noticed.

Judgment affirmed.