# Central of Georgia Railway Co. v. Conville.

## Damage for Overflowing Land.

(Decided June 19, 1913.   62 South. 973.)

1. *Waters and Watercourses; Culvert; Improper Construction.*— Where the action was for damages for overflowing lands from the negligent construction of a culvert under defendant's railway, it was sufficient to set up its negligent construction, and the injuries resulting therefrom, without averring any other knowledge or notice to defendant.

2. *Damages; Jury Question.*—Under the evidence in this case it was a question for the jury whether sickness in plaintiff's family was caused from stagnant water backed up by reason of the improper construction of a culvert under defendant's railway.

APPEAL from Talladega City Court.

Heard before Hon. CECIL BROWNE.

Action by E. F. Conville against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The first count of the complaint alleges the ownership in plaintiff of certain lands, which are described, and the fact that he, with his wife and children, resided thereon, and describing the parts thereof planted in cotton. It also alleges that defendant maintained and operated a roadbed for its railroad, composed of solid earth, except where there was a certain culvert which was constructed as an outlet for water during a rainfall, and that the water would have flowed off said premises, but for the fact that the culvert was so constructed that it was not sufficient to convey the water off of said premises, and that it accumulated and backed up over the lands of the plaintiff at and around his said house, and destroyed certain cotton and injured other, and that it

caused the water to stand about the house, which, caused himself, his wife, and two minor children, naming them, to become sick, and caused plaintiff to have to spend a lot of money in medicine, doctor's bill, etc., aside from the bodily pain and mental anguish suffered. The injuries are alleged to have resulted from the negligent failure of defendant to place sufficient culverts or openings so as to allow the water to escape. The injury in count 1 is alleged to have been at a certain time in 1910, and in count 2 at another and different time in the same year.

Demurrers E, H, and F are as follows: (E) "It fails to show or aver that it was the duty of defendant to construct or maintain said culvert." (F) "It fails to show with sufficient certainty what other crops, beside cotton, were destroyed, and the value of the same." (H) "It seeks to recover two or more separate and distinct causes of action in one and the same count.

Charge marked 3, on page 50 of the transcript, is as follows: "I charge you that, under the evidence in this case, you cannot assess damages for the sickness of the members of plaintiff's family, complained of in the complaint.

BARNES & DENSON, for appellant. Demurrers E and F. to counts 1 and 2, and demurrer H to count 1 should have been sustained.—29 Cyc. 1204. Counsel discuss the other assignments of error, but without further citation of authority.

KNOX, ACKER, DIXON & SIMS, for appellee. The counts were sufficient and the court properly overruled the demurrers thereto.—S. A. & M. R. R. Co. v. Buford, 106 Ala. 303; So. Ry. Co. v. Plott, 131 Ala. 312; Shahan v. A. G. S., 115 Ala. 181; C. of Ga. v. Windham, 126

Ala. 552. On these authorities, there is no error in the admission of evidence, or in the charges given and refused.

PELHAM, J.—This cause of action is based on a claim for damages alleged to have been caused by the appellant's roadbed or embankment obstructing the natural flow of water upon appellee's land, due to the insufficiency of the culvert, constructed by the defendant for an outlet for the water, for the purposes intended.

The demurrers E. F. and H to the first and second counts of the complaint as last amended were properly overruled. These counts are substantially identical, except in averring different overflows and claiming damages for the overflow alleged in the particular count. The first and second counts of the complaint as last amended are not chargeable with the infirmities pointed out by demurrers E and F, and as it is averred in each of said counts as amended that the injury complained of was due to the improper construction of the said culvert by the defendant, and that, but for impeding the natural flow of the water by such negligent construction, the water would have flowed off the plaintiff's land, and no injury have been sustained, it was not necessary to aver any other knowledge or notice to the defendant. The following authorities will be found to support the action of the trial court in overruling the demurrers:—*So. Ry. Co. v. Plott,* 131 Ala. 312, 31 South. 33; *Central of Ga. Ry. Co. v. Windham,* 126 Ala. 552, 28 South. 392; *Shahan v. A. G. S. R. R. Co.,* 115 Ala. 181, 22 South. 449, 67 Am. St. Rep. 20; *S. A. & M. Ry. Co. v. Buford,* 106 Ala. 303, 17 South. 395.

Whether or not the sickness of the members of plaintiff's family was attributable to the defendant's negli-

gence, as alleged in the complaint, or to some other cause (as, for instance, the other stagnant pool of water shown by the evidence to have been in that vicinity, for which defendant was in no way responsible), was a question, under the evidence in this case, for the jury; and the court properly refused to give the charge set out on page 50 of the transcript, marked No. 3 in the margin by us, which is made the basis of appellant's seventh assignment of error.—*Shahan v. A. G. S. R. R. Co., supra.*

The errors assigned fail to point out anything authorizing a reversal.

Affirmed.