(100 South. 233)

## ATLANTA & ST. A. B. RY. CO. v. KNIGHT.
### (4 Div. 123.)

(Supreme Court of Alabama.   May 1, 1924.)

**1. Pleading ⬡64(2)—Separate causes of action held not joined in same count for flowage.**

Count alleging negligent construction of culvert over stream running through plaintiff's lands, causing constant overflow, and averring injury as proximate result thereof, *held* not to aver two causes of action.

**2. Waters and water courses ⬡171(1)—Railroad constructing culvert must use ordinary care.**

In construction of culverts over streams running across right of way, railroads are bound to use ordinary care not to obstruct flow of water from rainfalls which may reasonably be expected.

**3. Waters and water courses ⬡179(3)—Evidence of conditions before and after construction of railroad culvert held competent.**

In action against railroad for negligent erection of culvert across stream running through plaintiff's land, plaintiff's evidence that, after he purchased, railroad company removed large culvert prior to which there had been no overflow and erected smaller one, and that since small culvert was put in, in his best judgment, in ordinary times water stands on something like six or eight acres of land, was relevant and competent.

**4. Evidence ⬡558(1)—Cross-examination of expert as to proper fall of culvert held proper.**

In action for negligent erection of culvert over stream running through plaintiff's land, where defendant's civil engineer measured culvert just before trial and testified on cross-examination that it had about three inches' fall from upper to lower end, there was no error in allowing plaintiff to ask him whether in his judgment culvert should have had a fall of from six to ten inches.

**5. Waters and water courses ⬡179(3)—Evidence held competent on question of damages to land by flowage.**

In action for negligent erection of culvert over stream running through plaintiff's land, causing overflow, evidence, tending to show that plaintiff's land was wet and boggy, was permanently injured, that trees growing thereon died, and that adjacent cultivated land was kept wet and unfit for crops, was proper.

**6. Waters and water courses ⬡179(3)—Evidence held admissible as showing knowledge of defects in railroad culvert.**

In action for negligent erection of culvert over stream running through plaintiff's land, where defendant's section foreman had testified as to condition of land, there was no error in permitting cross-examination as to whether plaintiff had ever asked him to open the culvert so that water would run off.

**7. Waters and water courses ⬡179(3)—Evidence of injuries to stock from flowage held competent.**

In action for negligent erection of culvert over stream running through plaintiff's land, evidence that plaintiff's cows and mule went into wet, boggy land and died, and reasonable market value of each, was relevant; there being evidence that such injury would not have occurred except for negligent construction of culvert causing water to overflow.

**8. Waters and water courses ⬡179(6)—Cause of loss of stock held for jury.**

Where evidence conflicted as to whether negligent erection of culvert over stream running through plaintiff's land caused loss of plaintiff's cows and mule, question thereon was properly left to jury.

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 19 Ala. App. 618.

**9. Appeal and error ⬗1078(1)—Errors not argued and insisted on in brief, waived.**

 Errors assigned, but not argued and insisted on in brief, are waived.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action for damages by John C. Knight against the Atlanta & St. Andrews Bay Railway Company for negligent erection of a culvert over a stream running through plaintiff's lands. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Espy & Hill, of Dothan, for appellant.

Questions calling for a conclusion of the witness were improperly allowed. Mitchell's Case, 181 Ala. 576, 61 South. 934; Gosdin v. Williams, 151 Ala. 592, 44 South. 611; C. of G. v. Keyton, 148 Ala. 675, 41 South. 918; A. & B. Ry. v. Brown, 158 Ala. 607, 48 South. 73. The loss of the stock was not the proximate result of the water backing on appellee's land. Woodstock Ir. Wks. v. Stockdale, 143 Ala. 550, 39 South. 335, 5 Ann. Cas. 578; Borland v. Atlanta Comp. Co., 200 Ala. 39, 75 South. 351. Demurrer taking the point that two causes of action were joined in the same count should have been sustained. H. A. & B. v. Dusenberry, 94 Ala. 413, 10 South. 274.

Mullins & Martin, of Dothan, for appellee.

Appellant, in constructing the culvert, owed to appellee the duty not to damage him by diverting water from its natural source. Sou. Ry. v. Plott, 131 Ala. 312, 31 South. 33; Lindsey v. Sou. Ry., 149 Ala. 349, 43 South. 139. There was no error in rulings on the evidence. Tutwiler Co. v. Nichols, 146 Ala. 364, 39 South. 763, 119 Am. St. Rep. 34; Cent. Ry. v. Windham, 126 Ala. 552, 28 South. 395; Ala. Coal Co. v. Vines, 151 Ala. 398, 44 South. 378. Appellee was entitled to recover all consequential damages. Sloss Co. v. Mitchell, 181 Ala. 576, 61 South. 934; Yolande Coal Co. v. Pierce, 12 Ala. App. 431, 68 South. 563.

MILLER, J. This is a suit by John C. Knight against the Atlanta & St. Andrews Bay Railway Company, a corporation, for damages for negligently erecting a culvert over a stream running through his land, which caused the water to overflow some of his land, making it continually wet, boggy, injuring the land, caused trees on it to die, and two cows and a mule, in a pasture in which is located this land, went into this wet, boggy place, and could not get out and died. The jury returned a verdict in favor of the plaintiff, and from a judgment thereon by the court this appeal is prosecuted by the defendant.

The original complaint contained one count. Demurrers of the defendant to it were sustained by the court. The plaintiff then amended by adding counts 2, 3, 4, 5, 6, and 7. Demurrers of defendant to each of these counts of the amended complaint were overruled by the court.

[1] The appellant insists these demurrers to each of these counts should have been sustained, because there was joined in one and the same count two separate causes of action. This is the only ground mentioned and insisted on in the brief. The court did not err in overruling the demurrers to these counts. Count 2 avers the defendant negligently constructed a culvert over a stream of water running through the land of plaintiff, and over the right of way of defendant, which proximately caused the water naturally running down the stream to back on and overflow the lands of plaintiff, to stand continuously there in ponds, made it unusually muddy and boggy over about five acres of his land, and rendered it valueless. Count 3 is the same as count 2, except it avers about five or six acres of the land of plaintiff, adjacent to the boggy five acres, remains wet, and is rendered unfit for cultivation on account of this water, and plaintiff was deprived of its rental value and claims damages for it. Count 4 is the same as count 2, except it avers this boggy, wet, overflowed land was in a pasture of plaintiff, and in May or June, 1921, a cow of plaintiff, of the value of $25, bogged down therein and died, for which plaintiff claims damages. Count 5 is the same as counts 2 and 4, except it claims $25 damages for the value of a cow of plaintiff that bogged down in this wet land in November, 1921, and died. Count 6 is the same as count 2, 4, and 5, except it claims $200 damages for the value of a mule of plaintiff that bogged down in this wet land in November, 1921, and died. Count 7 is the same as count 2, except it claims $200 damages for standing trees on this land that died as a proximate result of negligence of defendant in the construction of the culvert causing this water to back and stand continuously on this land.

[2] In the construction of culverts over streams running across the right of way, railroads are bound to use ordinary care so as not to obstruct, to the damage of others, the flow of water from rainfalls, such as may be reasonably expected from frequent or rare occurrences. Columbus & Western Ry. Co. v. Bridges, 86 Ala. 448, 5 South. 864, 11 Am. St. Rep. 58; South. Ry. Co. v. Plott, 131 Ala. 312, 31 South. 33.

Each of these counts avers facts showing that duty owing by the defendant to the plaintiff; each count avers a negligent construction of the culvert which caused a constant overflow of water upon the land of

plaintiff, and each count avers an injury as a proximate result thereof, to the land, or trees or stock of plaintiff. Each count states a cause of action, and two causes of action are not averred in either count. It appears by averment in each count that the stream was obstructed during the year 1921, and now by a permanent culvert so small as to cause a constant overflow of water upon lands of plaintiff, and to keep water thereon continuously. S. S. S. & I. Co. v. Mitchell, 181 Ala. 576, 61 South. 934; South. Ry. Co. v. Plott, 131 Ala. 312, 31 South. 33; Cent. of Ga. Ry. Co. v. Windham, 126 Ala. 552, 28 South. 392; Shahan v. A. G. S. R. R. Co., 115 Ala. 181, 22 South. 449, 67 Am. St. Rep. 20.

The defendant pleaded the general issue, and the cause was tried thereon by the jury.

[3] The plaintiff purchased this land in 1911. He was permitted by the court to testify, over objection of the defendant, that at that time the defendant had an embankment on each side and a trestle over this stream, and later in 1914 erected a large culvert over the stream and filled in between the embankments; and that during this time the opening under the trestle and afterwards this culvert carried off the water, and this land of plaintiff was not covered with water. Later this large culvert was taken out and a smaller culvert was put in its place by the defendant for the water to run through, and since then "the water has to force its way there," and "that land is covered practically all the time and worse at other times"; and since the small culvert was put in "that in his best judgment in ordinary times the water stands on something like six or eight acres," and there was evidence tending to show that from twelve to fourteen acres of land were kept damp and wet. This was relevant and competent evidence; it tended to show that prior to the construction of the small culvert this land of plaintiff did not overflow, and its overflow was due to the negligent construction of the small culvert as averred in the complaint, and it tended to show permanent injury to and constant overflow of the land. The defendant cannot justly complain at these rulings of the court. The defendant had full opportunity to cross-examine the plaintiff thereon. Ala. Con. C. & I. Co. v. Vines, 151 Ala. 398, 44 South. 377; S. S. S. & I. Co. v. Mitchell, 181 Ala. 576, 61 South. 934.

[4] Will Crawford, witness for the defendant, saw the culvert and this land of plaintiff just before the trial; was sent there by defendant, and measured it; he has been a civil engineer for 26 years. He testified on cross-examination that the culvert had about three inches fall from upper to lower end. The court did not err in allowing plaintiff to ask him, and for him to answer "that in his judgment that culvert should have had a fall of from six to ten inches." He saw the culvert, had had 26 years' experience as a civil engineer, saw the surroundings, was sent there to examine it by the defendant, and was competent and qualified to give an opinion, and this testimony, in connection with other evidence, tended to show the culvert was not properly constructed so as to carry off the water from ordinary rainfalls. "The rule excluding 'opinions' as evidence is not applied so strictly to questions of 'values' and 'estimates' as to many other subjects." Mobile, Jackson & K. C. R. Co. v. Riley, 119 Ala. 260, 24 South. 858; Jackson Lbr. Co. v. Cunningham, 141 Ala. 214, 37 South. 445, and authorities supra.

[5] The court did not err in allowing evidence tending to show this land was wet and boggy, was permanently injured, that trees growing therein died, that adjacent cultivated land was kept wet and unfit for growing crops. S. S. S. & I. Co. v. Mitchell, 181 Ala. 576, 61 South. 934.

[6] F. G. Renfroe, witness for defendant, testified that he was section foreman of defendant from September, 1918, to August, 1922, on the roadbed that ran through this land of plaintiff. It was low land; he observed the land during 1921; he knew the land where the pasture was located; did not remember seeing any dead timber on this land; there was dead timber there before 1921; the land there contiguous to the railroad is generally low, flat land. The plaintiff on cross-examination asked him, over the objection of the defendant, this question, "Did plaintiff ever ask you to open up this culvert so the water would run off?" Witness answered:

"He came to me one day when I was working near by, possibly near the corner of the pasture, and was telling me that he had made complaint to Mr. Sherman about that. He didn't never come to me directly."

The court would not exclude this evidence on motion of defendant. It is evident that this conversation took place after the small culvert was constructed. It was during the time Renfroe was section foreman of defendant. He had charge of this part of the road. He was working near this land at the time. This evidence was relevant, tending to show that this culvert did not carry off the water, that it needed to be opened, and the defendant's section foreman knew it.

[7] The defendant objected to and moved to exclude the evidence showing that two cows and one mule of plaintiff went into this wet, boggy land, bogged up, died, and the reasonable market value of each, because this damage to the stock was not the proximate result of the water backing on the land caused by the defective construction of this small culvert by defendant. And for the same reason the defendant insists the court erred in refusing written charges 1, 2, 3, and 4, separately requested by it; that if the jury

believed the evidence, they cannot give plaintiff any damages for the loss of either cow or mule.

Was the defendant guilty of negligence in the construction of this culvert? Did this negligence of the defendant in the construction of this small culvert proximately contribute to the death of the cows and mule? Does it appear from the evidence or any phase of the evidence that the injury to and death of the cows and mule would not have happened but for this negligence of the defendant? If these questions can be answered affirmatively from the evidence, then the court did not err in allowing the testimony to be introduced showing injury to, death of, and value of the cows and mule, and the court did not err in refusing to give to the jury the written charges requested by the defendant, mentioned above. 10 Michie, Dig. p. 574, § 24 [Proximate Cause of Injury]; and authorities there cited.

Prior to the construction of this small culvert by defendant, it appears from certain parts of the evidence that this land of plaintiff was dry, and not muddy and boggy, and after its construction water stood on five or six acres of it all the time, kept it wet, made it muddy and boggy, and the culvert was insufficient to carry off the water of usual and ordinary rains. This land was located in an inclosure used by the plaintiff to pasture his cows and mule. Two cows and one mule of the plaintiff, in the pasture, attempted to go through this wet land, overflowed from the culvert, got in a boggy place, the cows died, and the mule was prized out and died soon afterwards. There was also evidence tending to show that this land was naturally low and wet, and water remained on it naturally; and the water on it and its muddy and boggy condition were not due to the negligent construction or maintenance of this culvert by the defendant.

[8] There was evidence from which the jury could reasonably infer that this injury to and death of the cows and mule would not have occurred, except for the negligence of the defendant in the construction of this culvert, which caused the water to back up on this land of plaintiff in his pasture, kept it wet, and made it boggy with water remaining on it constantly. It was competent and relevant for the plaintiff to prove that his two cows and mule were in this pasture, walked into this overflowed land from the culvert, got bogged up therein, died, and the value of each. The court properly refused the written charges requested by the defendant that if they believed the evidence they could not give plaintiff any damages for the loss of either of the cows or the mule. Under the conflicting evidence and its tendencies in this cause, the court properly left the question of the right to recover damages for loss of the cows and mule for the consideration and determination of the jury. Authorities supra.

[9] There are many errors assigned. Only a few of them have been argued, and presented in brief in a way which entitles them to consideration of this court. We have considered the errors assigned, argued, and presented by appellant, and the errors assigned, but not argued and insisted on in the brief, are waived. South. Ry. Co. v. Cunningham, 112 Ala. 496, 20 South. 639; Syllacauga Land Co. v. Hendrix, 103 Ala. 254, 15 South. 594; Haley v. Miller, 193 Ala. 482 [1st par. of opinion], 69 South. 564.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.